IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LARRY C. JAMISON, | : |
| | : |
|     Plaintiff, | : |
| | :   Case No.: 5:06-cv-399 (CAR) |
| v. | : |
| | : |
| CITY OF FORSYTH, GEORGIA, et al., | : |
| | : |
|     Defendants. | : |

***ORDER ON DEFENDANTS' MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT***

Plaintiff Larry Jamison has been employed by the City of Forsyth, Georgia, since March 30, 2005, as a police officer in the Forsyth Police Department. He brings this action against the City of Forsyth, as well as the Mayor of Forsyth, members of the Forsyth City Council, the Chief of Police, and the City Clerk, all in their individual and official capacities. Plaintiff asserts various civil rights claims, including race discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.; and violations of her First and Fourteenth Amendment rights to equal protection, freedom of speech, and freedom of association, pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' Motion to Dismiss and Motion for More Definite Statement [Doc. 4] wherein Defendants seek dismissal of Plaintiff's Title VII claims against the individual defendants and seek a more definite statement of Plaintiff's constitutional claims. For the reasons discussed below, Defendants' Motion is **GRANTED**.

***DISCUSSION***

1

1.  **Motion to Dismiss**

Defendants seek to dismiss Plaintiff's Title VII claims against the individual defendants on the grounds that those defendants are not subject to suit under Title VII, either in their individual or official capacities. Plaintiff concedes that his Title VII claims should be dismissed against most of the defendants but maintains that his claims against Defendant Clifton, the chief of police, should remain.

The Eleventh Circuit has long-held that "relief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act." Dearth v. Collins, 441 F.3d 931, 933 (11th Cir. 2006); see also Hinson v. Clinch County, Ga. Bd. of Educ., 231 F.3d 821, 827 (11th Cir. 2000); Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991). Furthermore, though a plaintiff may sue a supervisory employee in his official capacity as an agent of the employer under Title VII, claims against supervisory employees "add nothing to the plaintiff's case" if the plaintiff has also sued the employer. Hinson, 231 F.3d at 827; Gibson v. Hickman, 2 F. Supp. 2d 1481, 1482 (M.D. Ga. 1998). Put differently, where the employer is named as a defendant, it is unnecessary also to name an employee as an agent, even if the employee is named solely in his official capacity.

In this case, because Plaintiff named his employer, the City of Forsyth, as a Defendant, his Title VII claims against the remaining defendants, including Defendant Clifton, may be **DISMISSED**.

2.  **Motion for More Definite Statement**

Defendants also move the Court to order Plaintiff to make a more definite statement of his constitutional claims. A motion for more definite statement may be granted under Rule 12(e)

if a pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). While the pleading requirements under the Federal Rules are "liberal" and impose only a minimal duty on the pleader to provide a "short and plain statement of the claim showing that [he] is entitled to relief," a pleader must at least provide his opponent with "fair notice of what [his] claim is and the grounds upon which it rests." Parker v. Brush Wellman, 377 F. Supp. 2d 1290, 1294 (N.D. Ga. 2005) (quoting Conley, 355 U.S. at 47). Moreover, in multiparty litigation, "the Federal Rules do not permit a party to aggregate allegations against several defendants in a single, unspecific statement, but instead require the pleader to identify (albeit generally) the conduct of *each* defendant giving rise to [his] claims." Id. (emphasis in original).

"In an effort to weed out nonmeritorious claims," the Eleventh Circuit has "tightened the application of [the Federal Rules] with respect to § 1983 cases." Swann v. S. Health Partners, Inc., 388 F.3d 834, 838 (11th Cir. 2004) (quoting GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1367 (11th Cir. 1998)). Specifically, in cases asserting § 1983 claims against government officials in their individual capacities, heightened pleading is required. See id. To satisfy the heightened pleading requirement, "[t]he complaint must allege the relevant facts with some specificity." Gonzales v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (internal quotation marks omitted). "More than mere conclusory notice pleading is required [and] a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." Id. (internal alterations omitted).

In this case, Plaintiff's Complaint is unclear regarding the alleged actions that the Defendants took officially, in their individual capacities, or both, that violates § 1983. He names

3

nine individuals as defendants in his Complaint, including the Mayor of Forsyth, members of the Forsyth City Council, the Chief of Police, and the City Clerk. However, he fails to articulate the specific role that each individual defendant played in violating his First and (particularly) his Fourteenth Amendment rights and fails to specify whether each defendant acted in his or her individual or official capacity in committing the alleged violations. Finally, Plaintiff's complaint fails to identify the customs or policies of the City that contributed to the alleged violations. Though Plaintiff's complaint provides some detail about Defendant Clifton's role in violating his First Amendment rights, it lacks comparable detail with respect to his remaining claims and the remaining defendants.

Accordingly, because Plaintiff's Complaint lacks sufficient information to permit Defendants to prepare an adequate responsive pleading, Defendants' Motion for More Definite Statement is **GRANTED**. Plaintiff is **ORDERED AND DIRECTED** to restate his constitutional claims to include information about the acts amounting to a constitutional violation, the role of each individual defendant in violating his constitutional rights, whether each defendant acted in an individual or official capacity with respect to each violation, and the customs or policies of the City that contributed to the alleged violations. In the interests of efficient administration and organization, Plaintiff is ordered to recast his complaint in its entirety, rather than submitting piecemeal amendments. Because the Court and parties require one document to work with and cite to, Plaintiff should understand that the restated complaint contemplated in this Order will replace his original Complaint, and accordingly should encompass every claim Plaintiff wishes to bring. Larney v. Croft, No. 7:06-cv-40 (HL), 2006 WL 3833887 (M.D. Ga. Dec. 29, 2006).

As a final matter, the Court is cognizant of the fact that Plaintiff's counsel has previously committed the same errors in pleading before this Court. See, e.g., Givens v. Bd. of Regents, No. 5:05-cv-370 (CAR) (M.D. Ga. May 1, 2006); Gantt v. City of Forsyth, No. 5:06-cv-400, 2007 WL 842148 (M.D. Ga. Mar. 16, 2007); McGhee v. City of Forsyth, No. 5:06-cv-397, 2007 WL 842145 (M.D. Ga. Mar. 16, 2007). Defendants' counsel appears similarly aware of Plaintiff's counsel's record, making a passing reference to the propriety of Rule 11 sanctions in its Reply brief. (Def.'s Reply Br. 3) (citing Brown v. Brock, No. 5:04-cv-339 (DF), 2005 WL 1843266 (M.D. Ga. Aug. 3, 2005) (assessing Rule 11 sanctions against *pro se* plaintiff for failure to disclose pending lawsuit in bankruptcy petition)). The Court considers such a passing reference insufficient to prompt it to conduct an inquiry into the basis for, and suitability of, Rule 11 sanctions in this case. If Defendants wish to move the Court to impose Rule 11 sanctions upon Plaintiff's counsel, it must move the Court specifically for such relief.

## *CONCLUSION*

For the reasons discussed above, Defendants' Motion to Dismiss and Motion for More Definite Statement [Doc. 5] is **GRANTED**. Accordingly, Plaintiff's Title VII claims against JAMES PACE, CHRIS HEWETT, SANDRA DEWS, MIKE DODD, LAMAR RUSSELL, HAL CLARKE, ROSEMARY WALKER, JOHN CLIFTON, and JANICE HALL are hereby **DISMISSED**.

Plaintiff is further is **ORDERED AND DIRECTED** to file an amended complaint restating her constitutional claims against Defendants within **ten (10) days** of the date of this Order.

**SO ORDERED**. This 26th day of April, 2007.

                S/ C. Ashley Royal
                C. ASHLEY ROYAL
                UNITED STATES DISTRICT JUDGE

AEG/SSH